# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

TYLER HINES,

   Plaintiff,

vs.   No. 1:21-cv-01209-STA-jay

INSOUTH BANK,
and
RAWLS FUNERAL HOME,

   Defendants.
_____

## REPORT AND RECOMMENDATION
_____

On December 15, 2021 Plaintiff Tyler Hines filed this pro se Complaint against Defendants InSouth Bank and Rawls Funeral Home. Docket Entry "D.E." 1. The Complaint was accompanied by a Motion for Leave to Proceed In Forma Pauperis. D.E. 2. The Court denied the Motion because it was the incorrect form and later recommended the action be dismissed for failure to prosecute. D.E. 4; D.E. 5. However, Plaintiff filed a corrected Application to Proceed in District Court Without Prepaying Fees or Costs on March 23, 2022. D.E. 6. The Court ultimately granted the Application on April 8, 2022. D.E. 8.

The Court is required to conduct a screening of the Complaint because Plaintiff sought and received in forma pauperis status. 28 U.S.C. § 1915(e)(2)(B). Because the Court lacks jurisdiction in this case and Plaintiff failed to provide sufficient facts to state plausible claims for relief, the Magistrate Judge **RECOMMENDS DISMISSAL** of Plaintiff's claims.

## I. PLAINTIFF'S COMPLAINT

Plaintiff brings this action against Defendants InSouth Bank and Rawls Funeral Home. D.E. 1. Both entities conduct business in Tennessee. Plaintiff alleges that Defendant InSouth Bank was "gross[ly] negligent[]" in its handling of Plaintiff's inheritance, and that Defendant InSouth Bank "decieved [sic]" Plaintiff as it relates to his inheritance. D.E. 1 at 2. He also alleges a "loss of consortium." D.E. 1 at 3.

Plaintiff makes no specific allegations against Defendant Rawls Funeral Home, but he does mention one person by the name of "Turner." D.E. 1 at 2.[1] It is unclear whether Turner works for Defendant InSouth Bank or Defendant Rawls Funeral Home. It is also unclear exactly what Turner did that might give rise to a claim. Plaintiff makes mention of a loan, but it is unclear how the loan relates to any of the above potential causes of action. D.E. 1 at 2. Plaintiff includes as a Defendant an unnamed "Teller" that apparently works at InSouth Bank. D.E. 1 at 2. But Plaintiff fails to identify what the Teller did, or failed to do, that might give rise to a cause of action.

Reading the Complaint as a whole, it appears Plaintiff's ultimate concern relates to an apparent lack of funding to provide funeral services for his mother. D.E. 1 at 2–3. The lack of funding allegedly relates to an inheritance Plaintiff believes he was owed, but somehow denied, by InSouth Bank. D.E. 1 at 2–3. It appears Plaintiff raises potentially three claims. The first is gross negligence as to Defendant InSouth Bank. D.E. 1 at 2. The second is misrepresentation as to Defendant InSouth Bank.[2] D.E. 1 at 2. The third is loss of consortium, but it is unclear against

---

[1] Plaintiff's Complaint is handwritten. There appears to be a first name included along with the last name of Turner, but the writing is illegible. D.E. 1 at 2.
[2] Although Plaintiff used the word "deceived" in the Complaint, the Court will read that to mean a cause of action for misrepresentation. D.E. 1 at 2.

whom Plaintiff raises this claim. D.E. 1 at 3. Plaintiff requests a monetary damages award of $13 million. D.E. 1 at 3.

## II. SCREENING STANDARDS

The Court is required to screen in forma pauperis complaints and to dismiss any complaint, or any portion thereof, if the action:

(i) is frivolous or malicious;
(ii) fails to state a claim on which relief may be granted; or
(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

In assessing whether the Complaint in this case states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 667-79 (2009), and in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). "Accepting all well-pleaded allegations in the complaint as true, the Court 'consider[s] the factual allegations in [the] complaint to determine if they plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681) (alteration in original). "[P]leadings that are no more than conclusions are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 681.

"Pro se complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). Pro se litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), *reh'g denied* (Jan. 19, 1990). Under § 1915(e)(2)(B), 'the Court has the discretion to refuse to accept allegations in a complaint that are "'clearly baseless,' a term

3

encompassing claims that may be described as fanciful, fantastic, delusional, wholly incredible, or irrational." *Bumpas v. Corr. Corp. of America,* 2011 WL 3841674, at *8 (M.D. Tenn. Aug. 30, 2011) (quoting *Denton v. Hernandez,* 504 U.S. 25, 32–33 (1992)). Furthermore, a court may "*at any time*, sua sponte dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn,* 183 F.3d 477, 479 (6th Cir.1999) (emphasis added). Rule 8 requires that pleadings must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and
> (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

### III.   ANALYSIS

#### A. SUBJECT MATTER JURISDICTION

Federal courts are courts of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377 (1994). Litigants must establish that the court has subject matter jurisdiction over their claims through federal question jurisdiction, diversity jurisdiction, or supplemental jurisdiction. 28 U.S.C. § 1331–1332; 28 U.S.C. § 1367. Federal question jurisdiction is present when a party asserts a cause of action arising under the United States Constitution or a federal statute. 28 U.S.C. § 1331. Diversity jurisdiction is present when there is "complete diversity [of citizenship] between all plaintiffs and all defendants" and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332; *Lincoln Prop. Co. v. Roche,* 546 U.S. 81, 84 (2005). A party's citizenship is determined by their domicile. *Stifel v. Hopkins*, 477 F.2d 1116, 11260 (6th Cir.

4

1973). A corporation is a citizen of "every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business . . . ." 28 U.S.C. § 1332(c)(1).

Finally, a federal court may exercise supplemental jurisdiction over claims it does not otherwise have jurisdiction to hear independently. *Exxon Mobil Corp. v. Allapattah Servs.*, 545 U.S. 546, 559 (2005). Supplemental jurisdiction is available where there is at least one claim over which the court has subject matter jurisdiction and the supplemental claim constitutes part of the same "case or controversy."  28 U.S.C. § 1367(a). The court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Where a federal court dismisses the underlying federal law claims, the court "should not ordinarily reach the plaintiff's state-law claims." *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006). Retaining jurisdiction over state law claims once the federal claims are dismissed "should be exercised only in cases where the 'interests of judicial economy and the avoidance of multiplicity of litigation' outweigh . . . concern[s] over 'needlessly deciding state law issues.'" *Moon*, 465 F.3d at 728 (quoting *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993).

It appears as though the Court does not have jurisdiction in this case. First, Plaintiff's Complaint sounds in contract and tort causes of action. These are generally matters of state law, not federal law. More importantly, Plaintiff explicitly asserts no federal cause of action that would give the Court federal question jurisdiction over the claims against these Defendants. Therefore, Plaintiff must rely on diversity jurisdiction or supplemental jurisdiction.

Plaintiff listed his residence in Brownsville, Tennessee. D.E. 1 at 2. Although residence alone is not generally sufficient to establish domicile, there are no facts to support that Plaintiff is domiciled elsewhere. The Court takes judicial notice that Defendant InSouth Bank's principal

place of business is in Jackson, Tennessee; the same is true for Rawls Funeral Home. Because it appears Plaintiff and these two Defendants are all citizens of Tennessee, there is no diversity between the parties. Thus, Plaintiff cannot rely on diversity jurisdiction to come before the federal court. Additionally, because there appears to be no claim against Defendants that the Court does have jurisdiction over, supplemental jurisdiction as to any other claim is unavailable. In short, the Court lacks jurisdiction to hear Plaintiff's claims against these Defendants.

### B. FAILURE TO STATE A CLAIM

#### 1. Gross Negligence

Attempting to read Plaintiff's Complaint generously, the Court infers that Plaintiff alleges gross negligence in the handling of funds by Defendant InSouth Bank that were part of his inheritance. D.E. 1. In order to establish a claim of negligence, gross or otherwise, a plaintiff must first establish he is owed a duty, the defendant breached that duty, and the breach caused the plaintiff damages. *Eldridge v. Shelby Cty.*, 2020 U.S. Dist. LEXIS 71848 at *40 (W.D. Tenn. 2020) (citing *Biscan v. Brown*, 160 S.W.3d 462, 478 (Tenn. 2005)). Once a plaintiff has established the basic elements of negligence, there is an additional hurdle to establish gross negligence. The plaintiff must establish ordinary negligence and then "that the defendant acted with utter unconcern for the safety of others, or . . . with such a reckless disregard for the rights of others that a conscious indifference to consequences is implied in law.'" *Lansky v. Prot. One Alarm Monitoring, Inc.*, 2019 U.S. Dist. LEXIS 22275 at *8 (W.D. Tenn. 2019) (internal quotations omitted).

Plaintiff here has failed to provide any factual support to the aforementioned elements of basic negligence. First, Plaintiff has failed to establish Defendant InSouth Bank owed him a duty. The Complaint is unclear about the relationship between Ms. Hines and Defendant InSouth

6

Bank. It is possible that Ms. Shaw had accounts remaining at InSouth Bank after her death. It is possible InSouth Bank is executor of Ms. Shaw's estate. The Complaint alleges that Defendant "decieved [sic] [Plaintiff] of [his] inheritance . . . ." D.E. 1 at 2. This leads the Court to believe that Defendant is executor of Ms. Shaw's estate and is therefore responsible for disbursing estate assets. In order to show a duty owed as a beneficiary, Plaintiff needed to do more than claim he is owed an inheritance. This is especially true given Plaintiff's language that this alleged inheritance was communicated to him orally as opposed to through a written instrument. ("InSouth [B]ank gross negligently [sic] deceived me of my inheritance *as told by my mother . . . .*") (emphasis added). D.E. 1 at 2. But even if Defendant InSouth Bank was simply in possession of some of Ms. Shaw's assets after her death, and refused to disburse them to Plaintiff, then Plaintiff must provide more information to establish he was entitled to disbursement of her accounts remaining at InSouth Bank.

Plaintiff also failed to plead sufficient facts to establish a breach of duty by Defendant InSouth Bank. Plaintiff complains that Defendant InSouth Bank defied his "own will" regarding the use of funds for funeral decorations, but it is entirely unclear if the bank was required to comply with Plaintiff's wishes. D.E. 1 at 2. If Defendant InSouth Bank is executor of the estate, then it is entitled to use estate funds for funeral expenses at it determines is appropriate. *See Wiles Bros. & Co. v. Wynne*, 138 Tenn. 397, 399 (Tenn. 1917) ("It is the law in this State that, in the absence of any direction in the will, an executor or administrator has the right to use his discretion in incurring funeral expenses; however, the amount must be reasonable."). And as it relates to denying Plaintiff an inheritance, again Plaintiff failed to plead any facts to show he is a rightful beneficiary either under a valid will or according to the state's intestate succession scheme.

Plaintiff also did not plead facts to support Defendant's conduct caused any damages. Plaintiff alleges that he "had to endure . . . pull[ing] off an average okay funeral . . . ." D.E. 1 at 2. Although there may be a causal link between a lack of funds and the quality of a funeral, Plaintiff's dissatisfaction with the quality of his mother's funeral is not recoverable.

### 2. Misrepresentation

Plaintiff also attempts to allege Defendant InSouth Bank engaged in misrepresentation related to disbursing funds. Although Plaintiff states Defendant InSouth Bank "decieved [sic] [him] out of [his] inheritance," the Court will treat this as a claim for misrepresentation. D.E. 1 at 2. In order to state a claim for misrepresentation, Plaintiff must establish:

> (1) The defendant made a representation of an existing or past fact; (2) the representation was false when made; (3) the representation related to a material fact; (4) the false representation was made either knowingly or without belief in its truth or recklessly; (5) the plaintiff reasonably relied on the misrepresented material facts; and (6) the plaintiff suffered damage as a result of the misrepresentation.

*Regions Bank. SoFHA Real Estate Inc.*, 2010 U.S. Dist. LEXIS 87878 at *20 (E.D. Tenn. 2010) (citing *Metropolitan Gov't of Nashville & Davidson County v. McKinney*, 852 S.W.2d 233, 237 (Tenn. Ct. App. 1992)).

Plaintiff provides absolutely no information about what Defendant InSouth Bank did or said that constitutes a representation of any fact. Plaintiff includes no information about how that representation was false. Plaintiff makes no assertion regarding the materiality of the fact that was represented. Plaintiff alleges no facts that might establish Defendant InSouth Bank knew the represented fact was false or Defendant acted recklessly as to its truth. Plaintiff fails to show he relied on the misrepresented fact and that his reliance was reasonable. And as discussed above, Plaintiff's allegation of damages suffered are not recoverable damages in a misrepresentation action.

### 3. Loss of Consortium

Additionally, Plaintiff alleges that some Defendants' conduct caused a "loss of consortium." D.E. 1 at 3. Plaintiff fails to establish which Defendant is allegedly responsible for that loss. More importantly though, loss of consortium claims are not stand-alone causes of action. In Tennessee, a child-plaintiff may recover for loss of consortium of a deceased parent. TENN. CODE. ANN. § 20-5-113. In *Jordan v. Baptist Three Rivers Hospital*, the Tennessee Supreme Court determined that where a child brings a wrongful death claim against a third party for the loss of a parent, the child may also recover for loss of consortium. 984 S.W.2d at 601. The age of the child "does not, in and of itself, preclude consideration of parental consortium damages." *Jordan*, 984 S.W.2d at 601. Yet children are unable to recover for loss of consortium where there is merely personal injury to a parent. *Taylor v. Beard*, 104 S.W.3d 507, 511-12 (Tenn. 2003). The Court is aware that Plaintiff's mother is deceased. The point of this analysis is that Plaintiff cannot simply raise loss of consortium as a stand-alone theory of recovery. Who can recover, and when, depends on the claim to which the loss of consortium theory attaches.

Plaintiff did not raise an underlying claim that opens the door for loss of consortium. Under Tennessee state law, a child may only recover for loss of consortium as it relates to a parent when the child also brings a wrongful death cause of action. *Taylor*, 104 S.W.3d at 511-12. Plaintiff did not raise a wrongful death cause of action in this case.[3] Moreover, it appears Defendants in this case has nothing to do with Ms. Shaw's death. Even if Plaintiff did raise a wrongful death claim here, there are no facts to support a plausible showing that InSouth Bank or Rawls Funeral Home had any role in Ms. Shaw's expiration.

---

[3] Plaintiff did file separate lawsuits against various health care providers, one of which does appear to include a wrongful death claim. *See Hines v. Kirkland Cancer Center*, 1:21-cv-01202-STA-jay; *see also Hines v. Jackson General Hospital, et al.*, 1:21-cv-01203-STA-jay. But those are separate actions not raised here.

## IV. CONCLUSION

In short, the Court requires plaintiffs to say more than Plaintiff did here. Absent more facts, the Court finds that there is no jurisdiction and there are no plausible claims that may proceed. The undersigned **RECOMMENDS** that Plaintiff's claims be **DISMISSED**.

Respectfully submitted this the 17th day of October, 2022.

                         **s/Jon A. York**
                          UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**